UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: Petition of Sandra L. Ferguson

File No. 26-mc-54 (ECT/DTS)

**OPINION AND ORDER**

Pro se Petitioner Sandra L. Ferguson has filed a "Petition for Order Authorizing Perpetuation of Witness Testimony Under Fed. R. Civ. P. 27(a)." *See* ECF No. 1 (the "Petition"). Ms. Ferguson also filed a motion seeking a hearing on the Petition. ECF No. 9. In her Petition, Ms. Ferguson seeks authorization to depose an attorney licensed in the State of Washington, Brian Waid, because she fears Mr. Waid's 2021 cancer diagnosis may result in his testimony becoming unavailable by the time Ms. Ferguson is prepared to file an anticipated case in this District asserting claims under the Sherman Act, 15 U.S.C. §§ 1–2, and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968 ("RICO"). Because Ms. Ferguson has not met Rule 27's requirement of showing that she "cannot presently bring" the anticipated action, her Petition and request for a hearing will be denied.

"Rule 27 of the Federal Rules of Civil Procedure authorizes a federal court to permit someone who anticipates that he or she will be a party to a lawsuit to take discovery prior to the filing of the anticipated action." *In re I-35W Bridge Collapse Site Inspection*, 243 F.R.D. 349, 351 (D. Minn. 2007). "[T]he rule is most often used to take sworn statements from witnesses who have information relevant to an anticipated lawsuit but who might die

or disappear before the lawsuit can be filed." *Id.* Under Rule 27, "[a] person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides." Fed. R. Civ. P. 27(a)(1). Among other requirements, the petition "must show … that the petitioner expects to be a party to an action cognizable in a United States court *but cannot presently bring it or cause it to be brought*." Fed. R. Civ. P. 27(a)(1)(A) (emphasis added). In other words, a Rule 27 "petitioner must show why it is not presently possible to bring an action, which would make ordinary discovery measures available." 8A Wright & Miller's Federal Practice & Procedure § 2072 (3d ed. & Apr. 2026 Update); *accord In re I-35W Bridge Collapse*, 243 F.R.D. at 352. It would be "an abuse of the rule" to allow Rule 27 "to be used for the purpose of discovery before an action is commenced to enable a person to fish for some ground for bringing suit." *In re-Landry Bell*, 232 F.R.D. 266, 267 (W.D. La. 2006) (citation modified); *accord In re 35W Bridge Collapse*, 243 F.R.D. at 352 (citing cases). "If [the court hearing the petition is] satisfied that perpetuating the testimony may prevent a failure or delay of justice, the court must issue an order that designates or describes the persons whose depositions may be taken, specifies the subject matter of the examinations, and states whether the depositions will be taken orally or by written interrogatories." Fed. R. Civ. P. 27(a)(3).

According to the Petition, Ms. Ferguson "anticipates filing a civil action" against Travelers Casualty and Surety Company of America, Travelers' claims counsel Thomas Ascher, and Governors of the Washington State Bar Association in this District asserting Sherman Act and RICO claims. ECF No. 1 at 2, 27–28. The Petition is difficult to follow,

but the alleged facts appear to arise from prior litigation in state and federal court in the State of Washington that occurred over the span of roughly eight years, beginning in 2011. *See, e.g.*, ECF No. 1 at 4–27 (background section describing "procedural arc" of litigation history from 2011 through 2019). Ms. Ferguson's 31-page declaration accompanying her testimony summarizes her anticipated action as follows:

> The anticipated civil action will allege that non-party co-conspirators—including Travelers' insured attorney, Brian Waid; several insurance-defense firms and attorneys; and certain judicial officials—acted under the direction of Travelers Claims Counsel, Thomas Ascher, who exercises centralized authority over Travelers' Lawyers Professional Liability product line and supervises national panel counsel. The expected action will further allege that these actors coordinated with local proxy insurance-defense firms and unsupervised WSBA Governors functioning as market participants, resulting in obstruction of justice and economic coercion related to non-covered litigation, and depriving me of my constitutional right to a civil jury trial through a pattern of racketeering activity that includes unreasonable restraint of trade carried out through the exercise of unsupervised regulatory authority delegated by the state.

ECF No. 2 ¶ 2. Ms. Ferguson attaches 125 pages of exhibits in support of her declaration and Petition, comprised of court orders, transcripts, and pleadings, as well as invoices, policies, and email and written correspondence purportedly related to her anticipated claims. *See* ECF No. 2-1.

Ms. Ferguson asserts she is "unable to initiate the anticipated action" in this District because she is "in the process of securing counsel and finalizing the configuration of parties and claims, including preparation of a detailed pleading that will satisfy the heightened particularity requirements applicable to civil RICO claims." ECF No. 1 at 29. Ms.

Ferguson is concerned that due to Mr. Waid's cancer diagnosis, his testimony may become unavailable before she is able to bring the anticipated litigation. In that regard, Ms. Ferguson alleges: (1) In April or May 2021, she "participated in a phone conference with Mr. Waid . . . during which the subject of Mr. Waid's cancer diagnosis was discussed." ECF No. 2 ¶ 20. (2) And in January 2026, Ms. Ferguson "received a letter from Mr. Waid" in which Mr. Waid stated that he had "survived cancer." *Id.* ¶ 21; ECF No. 2-1 at 3. She states that Mr. Waid is a "material witness with unique personal knowledge" regarding "several factual matters relevant to [her] anticipated claims." ECF No. 1 at 29–30. The Petition alleges those matters include "[Mr. Waid's] reporting of potential claims to Travelers, the circumstances under which he obtained any rider or policy upgrade to his professional-liability policy, and the identity of the payor for legal services rendered in matters not covered under that policy." ECF No. 1 at 29 (internal citations omitted). Based on these allegations, Ms. Ferguson seeks to perpetuate Mr. Waid's testimony pursuant to Rule 27.

Ms. Ferguson's allegations do not show what Rule 27 requires. A litigant's desire to secure counsel and articulate claims that satisfy pleading standards are challenges in just about every case. These hurdles do not help to explain, in the sense Rule 27 requires, why Ms. Ferguson cannot presently bring her case. Other facts tend to show that Ms. Ferguson should have been positioned to file her case quite some time ago. Ms. Ferguson's anticipated claims are not new. Her factual allegations date back to events occurring as early as 2011. *See* ECF No. 1 at 4. And Ms. Ferguson has demonstrated that she possesses familiarity with her claims and federal court procedures. Here, she filed a 34-page Petition,

a lengthy declaration, 125 pages of exhibits, and additional filings, all regarding her anticipated claims. *See generally*, Dkt. Ms. Ferguson's asserted concerns about Mr. Waid's testimony becoming unavailable due to his cancer diagnosis are not supported. She learned about Mr. Waid's diagnosis over five years ago. *See* ECF No. 2 ¶ 20. And according to Ms. Ferguson, Mr. Waid's most recent communications were that he had "survived cancer." *See* ECF No. 2 ¶ 21; ECF No. 2-1 at 3. Ms. Ferguson has not shown either that she is unable to "presently bring" the anticipated litigation or that perpetuating Mr. Waid's testimony would prevent a failure or delay of justice. *See* Fed. R. Civ. P. 27(a).

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Petitioner Sandra L. Ferguson's Petition for Order Authorizing Perpetuation of Witness Testimony Under Fed. R. Civ. P. 27(a) [ECF No. 1] is **DENIED**;

2. Petitioner's Motion to Set Hearing on Rule 27 Petition to Perpetuate Testimony [ECF No. 9] is **DENIED**; and

3. The action is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 29, 2026

s/ Eric C. Tostrud
Eric C. Tostrud
Chief Judge, United States District Court